NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  ZTE CORPORATION,**
*Petitioner*

---

2022-147, 2022-148, 2022-149, 2022-150

---

On Petitions for Writs of Mandamus to the United States District Court for the Western District of Texas in Nos. 6:22-cv-00136-ADA, 6:22-cv-00137-ADA, 6:22-cv-00138-ADA, and 6:22-cv-00139-ADA, Judge Alan D. Albright.

---

## ON PETITIONS

---

Before LOURIE, BRYSON, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

## O R D E R

In these patent infringement cases, the district court entered an order granting a motion by the plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development ("Brazos") for alternative service.  ZTE Corporation ("ZTE"), the foreign defendant in these actions, now petitions this court for a writ of mandamus reversing the district court's order and directing dismissal.  Brazos opposes.

To obtain mandamus relief, this court must be satisfied that a petitioner has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted), and that the issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 381 (2004).

After these petitions were filed, the district court sua sponte vacated its order authorizing alternative service, concluding that Brazos's motion "warrants reconsideration because the Court did not address important arguments and authorities" raised in ZTE's petitions but not in its original opposition to Brazos's motion. ECF No. 13, Ex. A at 2–3. The court set a briefing schedule and denied ZTE's motion to dismiss without prejudice to refiling after the court's decision on the motion for alternative service.

In light of the district court's intervening order, the court deems it the appropriate course here to deny mandamus to allow the district court to reconsider the matter and any renewed motion to dismiss. Any future petitions for mandamus arising from the rulings on reconsideration or motion to dismiss will be considered on their own merits.

Accordingly,

IT IS ORDERED THAT:

The petitions are denied.

FOR THE COURT

June 28, 2022                     /s/ Peter R. Marksteiner
      Date                            Peter R. Marksteiner
                                      Clerk of Court